# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60112
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2022

Lyle W. Cayce
Clerk

SILVIA MERCEDES SCARNEO-LOZANO; DANIEL JESUS SCARNEO-LOZANO,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 079 805
Agency No. A205 079 806

---

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Silvia Mercedes Scarneo-Lozano and her son, Daniel Jesus Scarneo-Lozano, are natives and citizens of Peru. Now, they petition this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

their appeal from an order of an Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Before the BIA, the petitioners challenged neither the IJ's rejection of their proposed PSG nor the BIA's own conclusion that they had waived this issue; thus, we lack jurisdiction to consider their current argument concerning the validity of their proposed PSG. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1). Since membership in a protected class, such as a viable PSG, is a necessary component of a claim for asylum or withholding, we need not consider the petitioners' remaining arguments concerning other elements of these claims. *See Cantarero-Lagos v. Holder*, 924 F.3d 145, 149-50 (5th Cir. 2019); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because the petitioners did not ask the BIA to reconsider its conclusion that the petitioners had waived their challenge to the IJ's denial of their requests for protection under CAT, we also lack jurisdiction to consider their CAT claim. *See Martinez-Guevara*, 27 F.4th at 359-60.

Although they mention due process, they fail to brief any argument concerning this issue and have thus forfeited it. *See Lopez-Perez v. Garland*, 35 F.4th 953, 958 n.1 (5th Cir. 2022); Fed. R. App. P. 28(a)(8)(A). Finally, insofar as their arguments requesting abeyance relate back to their motion that has already been denied, these arguments are moot. Insofar as they again request abeyance, they present no persuasive arguments showing they should receive this form of relief. The petition for review is DENIED in part and DISMISSED in part. The request for abeyance is DENIED.